IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARCUS D. SMITH                                                              PLAINTIFF

v.                                                                  No. 1:15CV141-SA-SAA

LT. UNKNOWN ROBERTS, ET AL.                                                  DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Marcus D. Smith, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that someone (either inmates or prison guards) stole his property, and the defendants did not replace it. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On December 4, 2014, the plaintiff and fellow inmate Chaz Pinkston were surrounded by hostile inmates. As the plaintiff and Pinkston approached the plaintiff's cell, they saw several inmates leaving the cell. The inmates attacked Pinkston; then Corrections Officers entered the zone and placed everyone on lockdown. When the plaintiff entered his cell, he noticed that some of his property (items he had bought from the canteen) had been stolen. Lt. Robert told the plaintiff to write to the canteen and have his items replaced. The plaintiff provided a property receipt (to show that he had actually possessed the items), but never received his property, replacements for it, or money to replace it. The plaintiff alleges that the total value of the items taken was $62.00.

## State Action

The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989); and *Baker v. McCollan, supra*, 443 U.S., at 140, 99 S.Ct., at 2692. To proceed with his case, the plaintiff must allege that the defendants were acting "under color of state law." 42 U.S.C. § 1983. If the plaintiff is alleging that the inmates he saw leaving his cell took his property, then his claim must fail because they were not, by any stretch, state actors.

## Taking of Property Without Due Process of Law

In addition, if the plaintiff is alleging that prison guards took his property, then his federal claim also fails. The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)*; Parratt v. Taylor,* 451 U.S. 527, 541–44 (1981)*, overruled in part by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)*.* This rule, the Paratt/Hudson doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.,* 822 F.2d 553,

555 (5th Cir. 1987); *see also Hudson,* 486 U.S. at 533, *Daniels,* 474 U.S. at 330–31; *White v. Epps,* 411 Fed.Appx. 731 (5th Cir. 2011).  Thus, the initial question before the court as to the plaintiff's claim regarding the taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April 1, 1993.  As to suits filed by prisoners, the MTCA states:

> (1)  A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> . . .
>
> > (m)  Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m).  At first blush, this *statute* would seem to foreclose any remedies the plaintiff may have under state law.  However, the plaintiff's remedy for the taking of property arises directly from the *Constitution* of the State of Mississippi, which cannot be circumvented through a state statute.  *Pickering v. Langston aw Firm, P.A.,* 88 So.3d 1269 (Miss. 2012).  The unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the State of Mississippi.  *Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85 So.3d 307 (Miss.App.,2012).  Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in *Johnson* are legally indistinguishable from those in the instant case. The prison officials in that case confiscated *Johnson's* drinking mug and disposed of it. *Johnson v. King*, 85 So.3d 307, 311-312 (Miss. App. 2012). Johnson had purchased the mug from the canteen with his own money. *Id.* The mug as purchased was not considered contraband, and Johnson had not modified the mug in such a way to turn it into contraband. *Id.* The Mississippi Court of Appeals held that, under these circumstances, the taking of Johnson's mug violated the Mississippi Constitution and that prison officials had to either replace the mug or compensate Johnson for the fair value of the mug. *Id.* If the plaintiff in the present case has alleged that prison guards confiscated his property, then this case mirrors the facts in *Johnson, supra*. As such, the plaintiff in this case has an adequate remedy under state law, and his claims for the taking of his property without due process of law must be dismissed.

## Conclusion

For the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 16th day of September, 2015.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**